# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN WENTWORTH,<br><br>                    Plaintiff,<br><br>     v.<br><br>CALIFORNIA CONNECTIONS ACADEMY,<br><br>                    Defendant. | Case No. 21-cv-01926-BAS-AGS<br><br>**ORDER:**<br><br>**(1) CONSOLIDATING CASE;**<br><br>**(2) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)** |
| DAWN WENTWORTH,<br><br>                    Plaintiff,<br><br>     v.<br><br>ELAINE PAVLICH,<br><br>                    Defendant. | Case No. 21-cv-01927-BAS-AGS<br><br>**ORDER:**<br><br>**(1) CONSOLIDATING CASE;**<br><br>**(2) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**<br><br>**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)** |

1

2  DAWN WENTWORTH; YAW                     Case No. 21-cv-01928-BAS-AGS
   APPIAH-WENTWORTH,
3                                          **ORDER:**
                          Plaintiffs,
4                                            **(1) CONSOLIDATING CASE;**
5        v.
                                             **(2) GRANTING MOTION FOR**
6  JENNIFER CONLEY,                              **LEAVE TO PROCEED *IN***
                                                 ***FORMA PAUPERIS* (ECF No. 2);**
7                          Defendant.            **AND**
8
                                             **(3) DENYING MOTION TO**
9                                                **APPOINT COUNSEL (ECF No. 3)**
10

11 DAWN WENTWORTH; YAW                      Case No. 21-cv-01929-BAS-AGS
   APPIAH-WENTWORTH,
12                                          **ORDER:**
                          Plaintiffs,
13                                           **(1) CONSOLIDATING CASE;**
14       v.
                                             **(2) GRANTING MOTION FOR**
15 HEATHER TAMAYO,                               **LEAVE TO PROCEED *IN***
                                                 ***FORMA PAUPERIS* (ECF No. 2);**
16                         Defendant.            **AND**
17
                                             **(3) DENYING MOTION TO**
18                                               **APPOINT COUNSEL**
19                                               **(ECF No. 3)**
20

21

22

23

24

25

26

27

28

1

2
|  |  |
|---|---|
| DAWN WENTWORTH; YAW APPIAH-WENTWORTH, | Case No. 21-cv-01930-BAS-AGS |

3

4

DAWN WENTWORTH; YAW
APPIAH-WENTWORTH,

                 Plaintiffs,

    v.

DR. RICHARD SAVAGE,

               Defendant.

Case No. 21-cv-01930-BAS-AGS

**ORDER:**

   **(1) CONSOLIDATING CASE;**

   **(2) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**

   **(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)**

DAWN WENTWORTH; YAW
APPIAH-WENTWORTH,

                 Plaintiffs,

    v.

DIANA RIVAS,

               Defendant.

Case No. 21-cv-01931-BAS-AGS

**ORDER:**

   **(1) CONSOLIDATING CASE;**

   **(2) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**

   **(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)**

DAWN WENTWORTH; YAW
APPIAH-WENTWORTH,

                              Plaintiffs,

    v.

ADAM PULSIPHER,

                              Defendant.

Case No. 21-cv-01932-BAS-AGS

**ORDER:**

**(1) CONSOLIDATING CASE;**

**(2) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2); AND**

**(3) DENYING MOTION TO APPOINT COUNSEL (ECF No. 3)**

On April 16, 2021, Ms. Dawn Wentworth, on her own behalf and on behalf of her two children, Yaw Appiah and Journee Hudson, filed 74 complaints in this federal district court. Many of these complaints are duplicative, suing the same defendants with the same allegations. The Court issued an order consolidating most of the cases. (Case No. 21-cv-00757-BAS-AGS, Electronic Case Filing ("ECF") No. 5.) The Court also issued an order setting a hearing to discuss Ms. Wentworth's many lawsuits. (*Id.*, ECF No. 8.) Ms. Wentworth did not appear at the hearing. (*Id.*, ECF No. 10.)

In November 2021, Ms. Wentworth filed more than a dozen additional lawsuits, including the seven matters shown above against different defendants. All these lawsuits include allegations involving a racial slur said during an on-line gym class. In each lawsuit, Ms. Wentworth moves to proceed *in forma pauperis* ("IFP") and for appointment of counsel. For the following reasons, the Court grants the requests to proceed IFP, consolidates these cases, and denies the motions to appoint counsel.

## I.   Motions to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991)

(holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993).  It is well-settled that a party need not be completely destitute to proceed *in forma pauperis* ("IFP")—without paying the filing fee.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.  At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Having read and considered Ms. Wentworth's motions, the Court finds that she meets the requirements in 28 U.S.C. § 1915 for IFP status.  Ms. Wentworth has two children and lists expenses exceeding her income.  She is not employed and has minimal assets.  Under these circumstances, the Court finds that requiring Ms. Wentworth to pay the court filing fees would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.  Therefore, the Court **GRANTS** Ms. Wentworth's requests to proceed without paying the filing fees for these cases.

## II.    Consolidation

Federal Rule of Civil Procedure 42(a)(2) provides that when "actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "The primary purpose of the rule is to promote trial court efficiency and avoid the danger of inconsistent adjudications." *Malone v. Strong*, No. 3:16-CV-05284-RBL-DWC, 2016 WL 3546037, at *4 n.2 (W.D. Wash. May 20, 2016).  Courts may consolidate cases on their own initiative. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("Because consolidation is within the broad discretion of the district court, . . . trial courts may consolidate cases *sua sponte*.").

Here, the Court finds consolidation is appropriate for the seven cases listed above. They were filed on the same day and raise the same allegations concerning the same subject matter. And joining all the Defendants in a single action would have been appropriate. Therefore, the Court will consolidate the cases and designate a lead case for any future filings.

## III.   Appointment of Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1) to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Here, Ms. Wentworth seeks appointment of counsel for these cases because she argues she lacks funds to hire an attorney and has no legal training. Having reviewed Ms. Wentworth's requests, the Court concludes there are not "exceptional circumstances" warranting an appointment in these cases. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2004). Therefore, the Court **DENIES** Ms. Wentworth's Motions for Appointment of Counsel.

//

//

**IV.     Conclusion**

For the foregoing reasons, the Court directs the Clerk of Court to consolidate Case Nos. 21-cv-1926, 21-cv-1927, 21-cv-1928, 21-cv-1929, 21-cv-1930, 21-cv-1931, and 21-cv-1932.  The lead case will be **Case No. 21-cv-1926**.  All future filings will be in the lead case.

Further, the Court **GRANTS** Ms. Wentworth's Motions to Proceed *In Forma Pauperis* (ECF No. 2 in Case Nos. 21-cv-1926, 21-cv-1927, 21-cv-1928, 21-cv-1929, 21-cv-1930, 21-cv-1931, and 21-cv-1932).   The Court also **DENIES** Ms. Wentworth's Motions to Appoint Counsel (ECF No. 3 in Case Nos. 21-cv-1926, 21-cv-1927, 21-cv-1928, 21-cv-1929, 21-cv-1930, 21-cv-1931, and 21-cv-1932).

Finally, the Court cautions Ms. Wentworth that under Civil Local Rule 83.11, persons appearing without an attorney, like Ms. Wentworth, must "keep the Court and opposing parties advised as to [a] current address."

 **IT IS SO ORDERED.**

**DATED: December 6, 2021**

Hon. Cynthia Bashant
United States District Judge